IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| CARRIE DAVIS, | : | Case No. 1:24-cv-56 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| COLERAIN TOWNSHIP, et al., | : | |
| | : | |
| Defendants. | : | |

### ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. 2)

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). At this time, the Court must adjudicate the section of Plaintiff's Motion seeking a temporary restraining order, pursuant to Federal Rule of Civil Procedure 65(b)(1). For the reasons provided below, Plaintiff's Motion for a Temporary Restraining Order is **DENIED WITHOUT PREJUDICE**.

"The only type of injunctive relief that a district court may issue ex parte is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Additionally, "ex parte requests should only be granted in the most stringent of circumstances since such requests run afoul to this country's history of jurisprudence requiring notice and opportunity to be heard." *Oviedo v. Rivera*, No. 1:22-CV-214, 2023 WL 2431819, at *4 (S.D. Ohio Mar. 9, 2023) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974)). The

Court may issue an ex parte temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Such requirements must be "scrupulously honored." *Alahverdian v. Nemelka*, No. 3:15-CV-060, 2015 WL 1276453, at *2 (S.D. Ohio Mar. 19, 2015) (quoting Moore's Federal Practice § 2952).

Reasonable notice consists of information receive within a reasonable time to allow the opposing party an opportunity to be heard. *See Granny Goose Foods*, 415 U.S. at 439. Counsel for Plaintiff certified that he served a copy of the Motion on Defendants' counsel via email on February 7, 2024. (Motion, Doc. 2, Pg. ID 34.) But, because this was the same day the Motion and Complaint were filed with the Court, this was not reasonable notice to provide Defendants an opportunity to be heard. *See, e.g.*, *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2019 WL 340683, at *2 (S.D. Ohio Jan. 28, 2019) ("[T]he Court finds that an email one business day before the issuance of an ex parte TRO does not constitute reasonable notice."). Plaintiff appears to recognize as much by seeking a temporary restraining order pursuant to Rule 65(b)(1). (*See* Motion, Doc. 2, Pg. ID 34.)

Accordingly, the Court must consider whether Plaintiff's Motion complies with Rule 65(b)(1). It does not. While Plaintiff submitted the specific facts of this case in the Verified Complaint (*See* Ver. Compl., Doc. 1), Plaintiff has not fully complied with the latter portion of the rule pertaining to notice. Counsel for Plaintiff certified that he served

2

a copy of the Motion on Defendant's counsel via email on February 7, 2024, but did not certify any efforts to give reasonable notice and why it should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B). This is fatal to Plaintiff's motion for temporary restraining order. *See, e.g., Le v. Huynh*, No. 23-CV-914, 2023 WL 2504757, at *1 (N.D. Cal. Mar. 13, 2023) (failing to certify why notice should not be required is fatal—even if counsel certifies that he served the defendant).

"The normal circumstance for which the district court would be justified in proceeding ex parte is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found[,] . . . [or] where notice to the defendant would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc.*, 11 F.3d at 650. Because Plaintiff failed to certify how this case would fall into either circumstance, ex parte relief is not appropriate. *See Clinton Solart LLC v. Stoll*, No. 1:23-CV-206, 2023 WL 3024357, at *2 (S.D. Ohio Apr. 20, 2023) (denying temporary restraining order in light of failure to comply with Rule 65(b)(1)(B)); *Slave Legacy, LLC v. Son of Slave*, No. 3:23-CV-152, 2023 WL 3919317, at *5 (S.D. Ohio June 9, 2023) (holding that courts may not issue temporary restraining orders if Rule 65(b)(1)(B) has not been satisfied) (collecting cases).

Therefore, in light of Plaintiff's failure to satisfy the Rule 65(b)(1) requirements, the Court cannot grant an ex parte temporary restraining order. This decision does not touch upon the merits of Plaintiff's motion for a preliminary injunction, which will be addressed in due course.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for a Temporary Restraining Order (Doc. 2) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO

By: *[signature]*
       JUDGE MATTHEW W. McFARLAND